# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3355

_____

| | | |
|---|---|---|
| Marshall L. Mosley; Dewey B. Rice; Anthony T. Huckleberry; Stan L. Stanback, | * * * * | |
| Plaintiffs - Appellants, | * * | |
| Jimmy R. Qualls, II, | * * | |
| Plaintiff, | * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| Carlo L. Randall, | * * | |
| Plaintiff Appellant, | * * | |
| v. | * * | |
| City of Northwoods, Missouri; Anthony Harris; Leonard Smith, | * * * | |
| Defendants - Appellees. | * | |

_____

Submitted: May 10, 2005
Filed: July 26, 2005

_____

Before LOKEN, Chief Judge, BEAM and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Marshall L. Mosley ("Mosley"), Dewey Rice ("Rice"), Anthony T. Huckleberry ("Huckleberry"), Stan L. Stanback ("Stanback"), and Carlo L. Randall ("Randall") (collectively referred to as "Appellants") seek reversal of summary judgment granted in favor of the City of Northwoods ("the City"), Anthony Harris ("Chief Harris"), and Leonard Smith ("Lieutenant Smith") on two grounds. First, Appellants argue the law of the case doctrine should have prohibited the district court's findings on the City's second motion for summary judgment. Second, Appellants contend the district court should have considered their opposition filed in response to the City's first motion for summary judgment. We affirm.

## I. *Background*

Appellants are current or former City of Northwoods police officers. Appellants also worked part-time for the Federal Aviation Administration ("FAA") providing security at the St. Louis Lambert Airport. Appellants alleged that Chief Harris and Lieutenant Smith demanded payments from them to allow Appellants to continue the security detail at the airport. Appellants further alleged that after making a few payments, they declined to make any more and were subjected to adverse employment action by the City.

Appellants brought suit in the United States District Court for the Eastern District of Missouri.[1] Appellants' First Amended Complaint alleged constitutional and civil rights violations under Title VII and 42 U.S.C. §§ 1983 and 1985, together with supplemental state law claims. Specifically, Appellants alleged that the City, Chief Harris, and Lieutenant Smith violated their equal protection and due process rights in (1) terminating Huckleberry and Stanback from their positions, (2) demoting Mosley and Rice from their positions, and (3) failing to consider Randall for a promotion. Appellants also alleged that Chief Harris and Lieutenant Smith conspired

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

to violate their constitutional and civil rights. Finally, Appellants alleged state law claims for breach of public policy, outrageous conduct, and negligent infliction of emotional distress.

The City, on behalf of all defendants, filed a motion for summary judgment. The district court denied the motion because the City neither set forth the legal standard under which it was moving nor stated the specific facts from the record upon which it relied. In the same order, the district court dismissed Appellants' Title VII and state law discrimination claims with prejudice. That order was not appealed.

Later, the district court held a status conference to clarify Appellants' remaining three claims: (1) violations of 42 U.S.C. § 1983 on grounds of equal protection and due process; (2) conspiracy to violate equal protection and due process rights in violation of 42 U.S.C. § 1985; and (3) retaliatory discharge in violation of 42 U.S.C. § 1983. Following the status conference, the City filed a second motion for summary judgment. Appellants' response was due by July 31, 2004. On August 10, 2004, Appellants moved for additional time to respond, and the district court gave Appellants until August 19, 2004 to respond. Appellants never filed an opposition to the City's second motion for summary judgment.

In its order granting summary judgment, the district court ruled that Appellants could not prevail on the § 1983 equal protection claim for failure to show they received different treatment than similarly situated members of their class. Even if they could, ruled the district court, Appellants could not show that the City failed to provide a rational basis for the purported dissimilar treatment. The district court also ruled that the § 1983 due process claims failed because, as at-will employees, Appellants had no proprietary interest in their continued employment as police officers. The § 1985 conspiracy claims failed because Appellants presented no evidence that any conspiracy existed or that any act was done to further the conspiracy. Finally, the district court ruled that the § 1983 retaliation claim failed

-3-

because the adverse employment actions occurred before there was any notice to the City, Chief Harris or Lieutenant Smith that a criminal complaint had been made. Summary judgment was granted in favor of the City, Chief Harris, and Lieutenant Smith. Appellants now appeal that ruling.

## II. *Standard of Review*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R .Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). On a motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party. *Ludwig v. Anderson,* 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir. 1995). Further, "the mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment. . . . Instead, 'the dispute must be outcome determinative under prevailing law.'" *Get Away Club, Inc. v. Coleman,* 969 F.2d 664, 666 (8th Cir. 1992) (citation omitted).

## III. *Discussion*

Appellants argue that by allowing the City to file a second motion for summary judgment, the district court violated the law of the case doctrine. "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings." *Kansas Pub. Employees Ret. Sys. v. Blackwell, Sanders, Matheny, Weary & Lombardi, L.C.,* 114 F.3d 679, 687 (8th Cir. 1997) (citing *Little Earth of the United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev.,* 807 F.2d 1433, 1441 (8th Cir. 1986)). The doctrine "applies to

issues decided implicitly as well as those decided explicitly." *Id.* We hold the doctrine does not apply in this case.

Appellants urge that in this circuit, the law of the case doctrine precludes a second summary judgment motion unless it can be shown that the second or renewed motion is based upon substantial discovery of facts not before the court at the time of the original motion. Appellants maintain that the district court should have allowed the second motion for summary judgment only if the City had presented substantially different evidence or if the district court's denial of the first summary judgment motion was clearly erroneous and worked manifest injustice. This rule applies to decisions made on appeal, not in the district court. *See United States v. Unger*, 700 F.2d 445, 450 n.10 (8th Cir. 1983) ("[t]he law of the case doctrine generally requires that a decision on the former appeal be followed in any subsequent proceedings unless evidence subsequently introduced is substantially different or the decision is 'clearly erroneous and works manifest injustice'") (citation omitted). "It does not deprive the district court of the ability to reconsider earlier rulings" to avoid reversal. *Conrad v. Davis*, 120 F.3d 92, 95 (8th Cir. 1997).

Appellants also argue that the district court's denial of the City's first motion for summary judgment constituted a ruling on the merits and thus precluded the district court from ignoring its previous ruling. As stated earlier, a district court is free to reconsider its earlier rulings. *Id.* ("[w]here the district court believes that an earlier decision was reached in error, it may revisit the decision 'to avoid later reversal'") (citation omitted). Moreover, the district court did not rule on the merits of the City's first motion for summary judgment. In the district court's own words, the first motion for summary judgment was denied based on the following:

> In support defendants submitted a three page statement of uncontested
> facts as well as voluminous documents 'referenced' in their statement of

facts. The documents are not designated as exhibits. In their memorandum in support, defendants do not indicate or set forth the legal standard under which they are moving, nor do they cite with specificity the facts from the record upon which they rely.

. . .

The court is unable to consider the merits of defendants' motion because of the inadequacies of their motion and memorandum discussed above. Accordingly, the Court finds defendants have failed to meet their initial burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor.

The law of the case doctrine did not prohibit the district court from rehearing the motion for summary judgment.

Appellants also argue that in ruling on the second motion for summary judgment, the district court should have considered their opposition to the first motion for summary judgment and supporting affidavits thereto as a sufficient response to the second motion. However, Appellants did not request that the district court do so. Instead, Appellants sought and received an extension of time to file their second opposition, which they never filed. Moreover, there is nothing in the record to suggest that the district court did not consider the whole record in granting summary judgment in favor of the City, Chief Harris, and Lieutenant Smith. Nor have Appellants shown that the district court overlooked a material factual dispute in granting summary judgment.

Accordingly, we affirm summary judgment in favor of the City, Chief Harris, and Lieutenant Smith.

_____